FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -6 PM 12: 17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY BAGNERIS | CIVIL ACTION |
| VERSUS | NO. 04-3256 |
| BURL CAIN, WARDEN | SECTION "A"(2) |

### ORDER

The Court having considered the petition, the record, the applicable law, and Plaintiff's objections to the magistrate judge's report and recommendation, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter *in so far as the magistrate judge recommended that the petition be dismissed without prejudice for failure to exhaust.* As the magistrate judge pointed out at page 13 of the Report and Recommendation Bagneris's federal petition contains numerous allegations that have not been asserted in the state's highest court. It is therefore a "mixed petition" containing both exhausted and

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

unexhausted claims.  When a habeas petition includes both exhausted claims and unexhausted claims, the district court must dismiss the entire "mixed petition" in its entirety without prejudice.  <u>Murphy v. Johnson</u>, 110 F.3d 10, 11 (5th Cir. 1997) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982)).  Accordingly, if Petitioner hopes to obtain any relief in federal court he must first return to state court to exhaust his claims.

Petitioner's objection is GRANTED insofar as he argues that he should not be penalized for filing an untimely writ application to the Louisiana Supreme Court because he *submitted* the writ application within the thirty day time limit.  The Court agrees because the record does not suggest that Petitioner was anything less than diligent in filing his pleadings in state court.  The Fourth Circuit Court of Appeal denied Petitioner's application for a supervisory writ on June 18, 2003.  Naturally, one would assume that Petitioner received the order several days later in the mail.  Wasting little time Petitioner then filed his request for a supervisory writ with the Louisiana Supreme Court on July 23, 2003, but the clerk of court's records show that the application was post-marked on July 11, 2003.  Thus, twenty-two

days elapsed between the time that Petitioner mailed the application and the time that it was stamped as filed by the clerk--twenty-days that were lost to Petitioner for reasons completely beyond his control and twenty-two days that would render his petition timely were he to receive the benefit of those days.

While the magistrate judge correctly concluded that Petitioner's application is time-barred under the law of this circuit, the Court is nevertheless persuaded that equitable tolling should apply under these facts to allow Petitioner to present his claims to a federal court for review.  The one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA") is subject to equitable tolling and is not a jurisdictional bar.  Lockingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir. 2002) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  A court may therefore toll the limitations period in "rare and exceptional circumstances."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi, 96 F.3 at 128).  Petitioner's argument does not present the "garden variety claim of excusable neglect" that would not entitle him to equitable tolling."  Id.  (citing Rashidi v. American President Lines, 96

F.3d 124, 128 (5th Cir. 1996)). Thus, the Court will therefore treat Bagneris's federal petition as timely, albeit unexhausted.

Accordingly;

**IT IS ORDERED** that the petition of Terry Bagneris for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his claims.

Baton Rouge ~~New Orleans~~, Louisiana, October 5, 2005.

_____
UNITED STATES DISTRICT JUDGE